| | |
|---|---|
| ILSHIN CHEMICAL, INC. )<br>                 Plaintiff, )<br>)<br>v. )<br>)<br>NEW COMPANY STRATEGY, LLC d/b/a )<br>SURFACELINX, TWO SEAS, LLC, )<br>SITRUC, INC., NATIONAL FLOORING )<br>WAREHOUSE, INC., DEFENDANT W )<br>d/b/a QuietComfort, DEFENDANT X d/b/a )<br>QuietComfort, DEFENDANT Y d/b/a )<br>QuietComfort, DEFENDANT Z d/b/a )<br>QuietComfort, CURT ROBINSON, and )<br>CANDACE ROBINSON, )<br>                 Defendants. ) | O R D E R |

This cause is before the Court on defendants' motion to dismiss the amended complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges the following in its amended complaint. [DE 20]. Plaintiff develops, markets, and sells luxury vinyl tile flooring and is located in the Republic of Korea. Plaintiff had an agreement with defendant New Company Strategy (NCS) d/b/a SurfaceLinx (hereinafter SurfaceLinx) under which plaintiff sold SurfaceLinx luxury vinyl tile flooring and SurfaceLinx sold that flooring to customers in the United States. SurfaceLinx served as the "middleman" in the transactions, wherein it was paid by its customers for plaintiff's flooring and then was to pay plaintiff for flooring product that plaintiff would ship directly to SurfaceLinx's customers.

SurfaceLinx's profit was derived from the amount it charged its customers over and above what it would pay plaintiff for the product.

Plaintiff alleges that SurfaceLinx has refused to pay $2,715,826.16 to plaintiff that it owes for product plaintiff shipped to SurfaceLinx customers to satisfy 128 purchase orders. Plaintiff further alleges that, in a response for a request for admission, SurfaceLinx has conceded that it did not pay some of the amounts due to plaintiff and that it is still determining the exact amount. Plaintiff has alleged a breach of contract claim against SurfaceLinx.

Plaintiff has further alleged claims for successor liability, fraud, unfair and deceptive trade practices, unjust enrichment, and quantum meruit against defendants Two Seas, SITRUC, National Flooring Warehouse, defendants W,X,Y, and Z, as well as defendants Curt and Candace Robinson. These claims are based on plaintiff's allegations that the Robinson defendants operate a tight-knit set of interconnected companies in the same industry as SurfaceLinx which were used in a fraudulent scheme by the Robinsons to avoid paying their obligations to plaintiff. Specifically, plaintiff alleges that the Robinsons, aware of plaintiff's demand for payment, used other corporate entities to continue to operate the same business under a different name.

Plaintiff alleges that the Robinsons began conducting their SurfaceLinx business using the name QuietComfort, a trademark registered to SurfaceLinx in 2016. Plaintiff alleges that the website for QuietComfort is in essence a copy of the SurfaceLinx website, presenting the same corporate and product information, including the same customer testimonials. Plaintiff alleges that the Robinsons are the sole owners or directors of each of the entity defendants and that all defendants share the same place of business address of 6330 Mount Herman Road in Raleigh, North Carolina.

Defendants have filed a partial motion to dismiss plaintiff's amended complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants seek an order dismissing plaintiff's claims for fraud and unfair and deceptive trade practices, as well as all claims set forth against the Robinson defendants individually.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

A. Fraud

In order to state a claim for fraud under North Carolina law, a plaintiff must allege that defendant made "(1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). A claim for fraud requires satisfaction of a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to plead a claim for fraud with particularity. "To meet this standard, [a plaintiff] must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the

3

misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Plaintiff's fraud claim fails to satisfy the heightened pleading standard. Plaintiff relies on statements and material which appeared on the QuietComfort website which had previously appeared on the SurfaceLinx website and which allowed the Robinsons and other entity defendants to benefit from the experience, good will, and public face of SurfaceLinx while concealing that QueitComfort is just a continuation of SurfaceLinx. However, in the amended complaint, plaintiff does not identify which, if any, statements on the QuietComfort website were false, which is a required element for a fraud claim. Moreover, although the amended complaint alleges that these statements were reasonably calculated to deceive plaintiff and possibly other creditors, it fails to allege that plaintiff was, in fact, deceived, another element of a fraud claim under North Carolina law. For these reasons, plaintiff has failed to state a claim for fraud and this claim is properly dismissed.

B. Unfair and Deceptive Trade Practices

To state a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, a plaintiff must allege that the defendant (1) committed an unfair or deceptive trade act or practice, (2) the act in question was in or affecting commerce, and (3) the act proximately caused plaintiff harm. *Sessler v. Marsh*, 144 N.C. App. 623, 635 (2001). A deceptive trade practice is one which has the capacity to deceive, while an unfair trade practice is one which is, for example, immoral, unscrupulous, or unethical. *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 61 (1992).

4

Mere breach of contract, even if intentional, "is not sufficiently unfair or deceptive to sustain an action under the UTPA . . .." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust,* 107 N.C. App. at 61-62). Only where a breach of contract claim is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (2007).

Plaintiff has sufficiently alleged a claim for unfair and deceptive trade practices. At the outset, the Court notes that North Carolina's Unfair and Deceptive Trade Practices Act "is broader and covers more than traditional common law proscriptions on tortious conduct . . ..". *Bumpers v. Cmty. Bank of N. Virginia*, 367 N.C. 81, 88 (2013). Thus, although "a plaintiff who proves fraud thereby establishes that unfair or deceptive acts have occurred," *Bhatti v. Buckland*, 328 N.C. 240, 243 (1991), it does not follow that a plaintiff who cannot demonstrate fraud cannot succeed on a claim for unfair and deceptive trade practices.

Plaintiff's unfair and deceptive trade practices claim is based upon defendants' conduct which occurred outside the contract and was sufficiently aggravating such that the existence of the contract does not bar plaintiff's claim. At bottom, plaintiff claims that defendants not only failed to provide payment in breach of the contract, but that the Robinson defendants, who were on notice of plaintiff's demand for payment, created or used separate corporate entities to hide assets and escape plaintiff's demand for payment. The acts alleged were plainly in and affecting commerce, and plaintiff has further alleged that it has and continues to suffer damages stemming from the Robinson defendants' deceptions which allow them to continue operating what amounts to the same business as SurfaceLinx and avoid payment of their debts to plaintiff. Having considered plaintiff's claim in light of the applicable standard, the Court deems the allegations

sufficient and defendants' request to dismiss the unfair and deceptive trade practice claim is denied.

C. Claims against the Robinsons

Finally, the Court will permit the claims against the Robinsons to proceed at this time. Plaintiff alleges that the Robinsons own the majority or all of the ownership interest in each of the defendant entities and that they are responsible for the majority or all of the decisions made regarding the management of the entities.

> Broadly speaking a director, officer, or agent of a corporation is not, merely by virtue of his office, liable for the torts of the corporation or of other directors, officers, or agents.
> He is, however, as in the case of torts committed by agents generally . . . liable in damages for injuries suffered by third persons because of his own torts, regardless of whether he acted on his own account or on behalf of the corporation and regardless of whether or not the corporation is also liable.

*United Artists Records, Inc. v. E. Tape Corp.*, 19 N.C. App. 207, 215 (1973) (internal quotation and citation omitted). The Court agrees with plaintiff that it has sufficiently alleged that the Robinsons are the only corporate officers or agents with the authority to cause the entity defendants to act in a tortious manner. Drawing on its judicial experience and common sense, the Court determines that the allegations support the plausible conclusion that the Robinsons actively participated the conduct of the entity defendants of which plaintiff complains. The Court therefore denies defendants' request to dismiss all claims against the Robinsons individually.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 22] is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for fraud is DISMISSED. Plaintiff's remaining claims against defendants may proceed.

6

SO ORDERED, this 17 day of September, 2020.

                                                *Terrence W. Boyle*
                                                TERRENCE W. BOYLE
                                                CHIEF UNITED STATES DISTRICT JUDGE