IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-458-BO

ILSHIN CHEMICAL, INC.
        Plaintiff,

v.                                         ORDER

NEW COMPANY STRATEGY, LLC d/b/a
SURFACELINX, TWO SEAS, LLC,
SITRUC, INC., NATIONAL FLOORING
WAREHOUSE, INC., DEFENDANT W
d/b/a QuietComfort, DEFENDANT X d/b/a
QuietComfort, DEFENDANT Y d/b/a
QuietComfort, DEFENDANT Z d/b/a
QuietComfort, CURT ROBINSON, and
CANDACE ROBINSON,
        Defendants.

This cause is before the Court on plaintiff's motion to dismiss counterclaims of defendant New Company Strategy pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. New Company Strategy has responded, plaintiff has replied, and the matter is ripe for ruling.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural and factual background of the matter as set out in its order entered September 17, 2020 [DE 28]. In the instant motion, plaintiff seeks to dismiss each of the counterclaims brought by defendant New Company Strategy: breach of contract, unjust enrichment/quantum meruit, conversion, misappropriation of trade secrets, and unfair and deceptive trade practices.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is

facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

The Court has considered the counterclaims in light of the applicable standard and declines to dismiss New Strategy Company's (NCS) counterclaims for breach of contract and unfair and deceptive trade practices at this time.

A. Unjust enrichment/quantum meruit

As plaintiff correctly argues, NCS has admitted in its answer that a contract governs the claims between it and plaintiff. Accordingly, and as a matter of law, NCS cannot proceed on its counterclaim for unjust enrichment. *See Booe v. Shadrick*, 322 N.C. 567, 570 (1988) ("If there is a contract between the parties the contract governs the claim and the law will not imply a contract."). Moreover, NCS has not challenged the validity of the contract, and its unjust enrichment/quantum meruit claims is properly dismissed. *See McManus v. GMRI, Inc.*, No. 3:12-CV-009-DCK, 2012 WL 2577420, at *10 (W.D.N.C. July 3, 2012).

B. Conversion

Conversion is defined by North Carolina law as the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439 (1956). NCS has alleged a counterclaim of conversion on two grounds: first, that

2

plaintiff has converted the proceeds of the sale of products to NCS's customer and second, that plaintiff has converted NCS's proprietary rights to its customers, pricing, strategies, and relationships in order to take over NCS's largest customer.

NCS has stated a claim for conversion of its sale proceeds, and that portion of the claim will proceed. NCS has failed, however, to state a claim for conversion of its proprietary rights to customers, pricing, strategies, and relationships. The Court has been provided with no North Carolina case which has held that proprietary rights to customers, pricing, strategies, and relationships constitute "good or personal chattels" such that such information could support a claim for conversion. *See also TSC Rsch., LLC v. Bayer Chemicals Corp.*, 552 F. Supp. 2d 534, 542 (M.D.N.C. 2008) ("only tangible property is subject to conversion under North Carolina law"). This portion of the conversion claim will therefore be dismissed.

C. Misappropriation of trade secrets

Under North Carolina law, a trade secret is defined as business or technical information which

> a. Derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and
> b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

N.C. Gen. Stat. § 66-152(3). Misappropriation is defined as the

> acquisition, disclosure, or use of a trade secret of another without express or implied authority or consent, unless such trade secret was arrived at by independent development, reverse engineering, or was obtained from another person with a right to disclose the trade secret.

*Id.* § 66-152(1). North Carolina "courts have found the following to constitute a trade secret: cost history information; price lists; and confidential customer lists, pricing formulas and bidding

3

formulas." *Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 174 N.C. App. 49, 53 (2005).

NCS alleges that in 2016 plaintiff and NCS agreed that NCS would develop a market for plaintiff's products in the United States based upon NCS's proprietary contacts, industry experience, and expertise. NCS alleges that plaintiff secretly met with NCS's largest customer, Engineered Floors, and convinced Engineered Floors to work directly with plaintiff.

First, it is questionable whether NCS has sufficiently alleged that it attempted to keep its trade secrets, and specifically its pricing information, secret. In a letter from defendant Curt Robinson to plaintiff, which is attached to plaintiff's amended complaint, Mr. Robinson, on behalf of NCS doing business as SurfaceLinx, urged plaintiff to allow Total Flooring Solution, LLC, an entity for which two SurfaceLinx employees had begun working, "to manage [plaintiff's] relationship with both Engineered Floors and J&J Flooring Group in North America." [DE 20-3]. There is no suggestion in the counterclaims that these employees wrongfully took NCS's proprietary customer information with them to Total Flooring Solutions. Thus, it is unlikely that the pricing or other proprietary business information NCS claims was a trade secret was actually secret.

Further, NCS has failed to sufficiently allege misappropriation. In its misappropriation of trade secrets claim, NCS specifically alleges that plaintiff's takeover of customer relationships constitutes misappropriation of trade secrets. Countercl. ¶ 95. NCS's argument in its brief that plaintiff never would have been able to take over Engineered Floors as a customer without learning and using NCS's pricing information is not supported by the allegations in NCS's counterclaims, where any claims specifically regarding pricing information have not been

4

alleged. NCS has not sufficiently alleged that plaintiff acquired, disclosed, or used a trade secret, and this claim is appropriately dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to dismiss defendant New Company Strategy's counterclaims [DE 38] is GRANTED IN PART and DENIED IN PART. New Company Strategy's claims for unjust enrichment/quantum meruit and misappropriation of trade secrets are DISMISSED in their entirety; the counterclaim for conversion is DISMISSED in part. The counterclaims for breach of contract and unfair and deceptive trade practices will proceed.

SO ORDERED, this **23** day of March, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:19-cv-00458-BO   Document 47   Filed 03/24/21   Page 5 of 5