IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00458

| | |
|---|---|
| **Ilshin Chemical, Inc.**, | |
| Plaintiff, | |
| v. | **Order** |
| **New Company Strategy, LLC** d/b/a **SurfaceLinx**, et al. | |
| Defendants. | |

Plaintiff Ilshin Chemical, Inc. asks the court to require Defendant Candace Robinson[1] to supplement her discovery responses. It argues that she has not responded adequately to its discovery requests about successor liability. Robinson believes she should not have to respond because the information Ilshin seeks is irrelevant to the claims involved and not proportional to the needs of the case.

Having reviewed the parties' submissions, the court will grant Ilshin's motion. Robinson had the burden to show that the discovery requests violated the Federal Rules, yet she made no attempt to do so. Instead, she merely proposed what documents and information she would be willing to provide. Since she has not shown that the discovery requests are improper, the court will require her to answer them.

---

[1] This opinion discusses both Candace Robinson and her late husband, Curt Robinson. The court will refer to Candace Robinson as Robinson and will refer to Curt Robinson by his full name.

## I. Background

Ilshin had a contract with New Company Strategy, Inc. (also known as SurfaceLinx), a flooring company owned and operated by Curt Robinson, Robinson's deceased husband. Am. Compl. ¶¶ 3, 17, D.E. 63. Under their agreement, Ilshin sold vinyl tile flooring to SurfaceLinx to sell to customers in the United States. *Id.* ¶ 1. Customers would pay SurfaceLinx for the product, SurfaceLinx would pay Ilshin, and Ilshin would ship it directly to the customer. *Id.* Ilshin believes it is owed $2,715,826.16 under the contract. *Id.* ¶ 35.

Ilshin also believes that after its attorney contacted Curt Robinson about the outstanding amount, he opened a nearly identical business, QuietComfort, to avoid his debt. *Id.* ¶ 48. Ilshin has named several other entities as defendants, as Ilshin believes that the Robinsons operate several intermingled businesses at the same address. *Id.* ¶¶ 5–12. Ilshin alleges that one or more of the defendants are responsible for SurfaceLinx's debt for one of two reasons. Either the companies operate as a mere continuance of SurfaceLinx or they are so intertwined that the court should consider them to be inseparable as entities controlled by the Robinsons. *Id.* ¶ 93.

To support its claims against the defendants other than SurfaceLinx, Ilshin asked Robinson for information on various financial accounts and interests she held either individually or with her husband. Ilshin believes this information is relevant to piercing the corporate veil.

Robinson objects to these requests. She calls Ilshin's requests a "fishing expedition" and accuses the company of trying to prematurely conduct post-judgment discovery. Resp. in Opp'n at 2–3, D.E. 78.

## II. Discussion

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.

R. Civ. P. 26(b)(1). The rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

Under the Federal Rules, a party may move to compel discovery when another party fails to answer interrogatories or produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)−(iv). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirklands, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

In her response to Ilshin's motion, Robinson asserts that the discovery requests are "disproportional to the needs of the case, considering the relevant issues . . . and the importance of this discovery in resolving" them. Mem. in Opp'n. at 4, D.E. 78. So the court will begin by assessing whether the requested discovery is relevant and then consider whether these documents and information are of such little importance to the case that Ilshin is not entitled to them.[2]

### A. Relevance of Robinson's Financial Information

Discovery is limited to matters relevant to a case's claims and defenses. Fed. R. Civ. P. 26(b)(1). A matter is relevant if it "'bears on, or . . . reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

---

[2] To the extent that Robinson raised additional objections in her discovery responses but did not discuss them in her response brief, the court considers those objections waived. *See South Carolina v. United States*, 232 F. Supp. 3d 785, 796 (D.S.C. 2017) ("[G]enerally courts are disinclined to address arguments that are not adequately raised in a party's briefing.").

Ilshin's brief explains why it believes its discovery requests are relevant to its claims. It says these materials are necessary to its veil piercing claim and cites cases that support this argument. Mem. in Supp. at 2, 5–6. And it notes that documents and deposition testimony show that the Robinsons received assets from the corporate defendants and used corporate assets for their own purposes. *Id.* at 3–5. While Robinson asserts that the requested information is "wholly irrelevant," Resp. in Opp. at 5, she does not address these specific aspects of Ilshin's argument. Nor does she address the several cases Ilshin cited that allow the type of discovery it seeks. So the court considers the points Ilshin made to be admitted for this motion. *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-cv-00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (collecting cases). Given that the Robinsons received assets from the corporation, that there are unexplained payments directly to Robinson, and that Robinson used her authority over corporate accounts to pay what appear to be personal expenses, the discovery is relevant to Ilshin's claims. That this information could also be used in post-judgment collection proceedings does not place it beyond the scope of discovery.

### B. Importance of Documents to this Litigation

Robinson next argues that the discovery requests are not proportional to the needs of the case because they are unimportant to Ilshin's veil piercing claim. Resp. in Opp'n at 4. But Robinson never explains why the documents are so unimportant as to exclude them from the scope of proper discovery. Given that the documents are relevant to Ilshin's veil piercing claim, the court rejects the contention that they lack importance.

### III. Conclusion

Robinson has not shown that she should not have to respond to Ilshin's discovery requests. So, Ilshin's motion is granted. Robinson must provide complete responses to Interrogatories 1, 2,

4

8, 9, and 11 and Requests for Production 2, 3, and 4. She must serve her supplemental responses within 30 days from the date of entry of this order. Each party will bear their own costs.

Dated: October 12, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge